ROBERT A. PICKENS ET AL., EXECUTORS, APPELLEES, V. ALEX-
ANDER PICKENS, JR., APPELLANT.

FILED DECEMBER 31, 1920.   No. 21230.

1. Wills: CONSTRUCTION. "In the construction of a will the intention
   of the testator, if it can be ascertained, must govern. Such inten-
   tion should be ascertained from a liberal interpretation and com-
   prehensive view of all of the provisions of the will." *Worley v.
   Wimberly*, 99 Neb. 20.

2. ——: ——: INTEREST. Under the provisions of the will set out
   in the opinion, *held*, that the testator intended the interest in
   question should be paid to his widow during her lifetime.

APPEAL from the district court for Adams county:
HARRY S. DUNGAN, JUDGE. *Affirmed.*

*James & Danly,* for appellant.

*Tibbets, Morey & Fuller, contra.*

ALDRICH, J.

The plaintiffs, executors of the will of Alexander Pickens,
Sr., brought this action to recover from defendant interest
alleged to be due on two promissory notes, one for $1,000,
dated October 1, 1914, due two years after date, and the
other for $12,500, dated October 6, 1914, due September 1,
1924, both notes being payable to deceased and drawing 6
per cent. interest per annum payable semi-annually. The
notes were given as part of the consideration paid by de-
fendant for the greater part of his father's interest in the
dry goods business of Pickens & Bratton in Hastings. As
a further ground of recovery plaintiffs allege that, a dis-
pute having arisen between the plaintiffs and defendant as
to the construction of the will, in connection with the
transfer by the plaintiffs of the interest of the estate in
the firm of Pickens & Bratton, as a compromise and final
settlement of the dispute and in consideration of the sale
of the interest of the estate in the dry goods business at

a certain price, defendant agreed in writing to pay interest on the above mentioned notes. Defendant admitted the execution and delivery of the notes and also the signing of the contract to pay interest. He alleges that under and by virtue of the will of Alexander Pickens, Sr., now deceased, which was duly probated in county court, the debt is changed to an advancement, upon which no interest can be collected. The signing of the alleged agreement to pay interest, he alleges, was without consideration. Defendant filed a cross-petition to recover $534.53; alleged to be interest paid on these notes under a mistaken idea of his liability. A jury was waived and the court rendered judgment in plaintiffs' favor for $421, and interest. Defendant appeals.

The principal question for us to determine is the meaning of section eight of the will of Alexander Pickens, Sr., now deceased. Defendant contends that this section changes the debt to an advancement, and that no interest is due thereon after the death of the testator.

Section eight of the will reads as follows: "I direct that the amount of indebtedness to me of any of my said children as may be shown by my papers shall be treated as an advancement and as reducing by the amount of such debt the share of such child in my estate." This section is limited and qualified by other provisions of the will.

In construing a will the intention of the testator is the controlling circumstance, and to ascertain this intention the entire will must be considered, not any single provision thereof. First, the testator bequeathed and devised his entire estate to his executors, plaintiffs herein, in trust. After providing for the payment of debts and the erection of a monument, he gave certain directions which are instructive in arriving at his intention as to advancements. We quote some of the provisions:

"2. It is my desire that the principal of my estate be kept unimpaired, so long as my beloved wife, Margaret, shall survive me, and for a further period of three (3)

years thereafter, the income thereof to be applied as hereinafter provided.

"3.  During the lifetime of my wife, I direct that the whole income of my estate, after the payment of such sums as may be necessary for the preservation thereof, be paid to her, the same together with furniture, household effects and family conveniences, to be subject to her absolute control and use so long as she may live.

"4.  For a period of three (3) years after the death of my wife, or after my own death, if I should survive her, the net income from all my estate shall be divided, share and share alike except as reduced by advancements as hereinafter mentioned among all my children on or about January and July first, in each year.'

It is apparent that the testator intended that his "estate be kept unimpaired" so long as his wife survived him, and that the "whole income" of the unimpaired principal of his estate was to be paid to her during her lifetime. The "whole income" included the interest on the indebtedness evidenced by the two notes. It was the intention of deceased to amply provide for his widow. He gave her no part of the principal of the estate, but did give her the entire income therefrom for her maintenance and support.

From a liberal interpretation of all the provisions of the will, we think that the testator must have intended that the defendant pay the interest on the notes in question until the death of Mrs. Margaret Pickens, the widow of deceased. At her death, and not until then, is defendant released from liability to pay this interest.

It also appears that in paying this interest defendant will be doing nothing that he did not agree in writing to do. After the death of testator, the defendant and his partner wished to buy from the executors the interest of the estate in the dry goods business. A dispute arose as to the construction of the will and the parties made certain concessions to each other to effect a settlement of their differences. At that time defendant signed the following agreement:

"Whereas, I am indebted to the estate of A. Pickens, deceased, in the sum of twelve thousand, five hundred dollars ($12,500), evidenced by one promissory note dated October 6th, 1914, bearing interest at six per cent. per annum, payable semi-annually, and

"Whereas, I am also indebted to said estate in the further amount of one thousand dollars ($1,000), evidenced by a certain other note bearing interest at six per cent. per annum, payable semi-annually.

"Now therefore, as part of the transaction involving the sale and transfer of the interest of the A. Pickens estate in the Pickens & Bratton dry goods business, I agree with R. A. Pickens and W. J. Hynes, executors, that I will pay such interest thereon as may become due from time to time as the same matures, and that at the time of final distribution of said estate, in accordance with the will of said A. Pickens, deceased, there shall be deducted from my share of said estate whatever balance, if any, may be found due from me to said estate according to the tenor and effect of said notes and said will.

"Witness my hand this 18th day of December, 1917.

"A. Pickens, Jr."

"In the presence of C. F. Morey."

Defendant contends there was no consideration for the signing of this agreement, but there is competent evidence in the record tending to show that this agreement was entered into by the parties in consideration of the settlement of their differences, and also that the interest of the estate in the business was sold for less than its actual value. We think there was sufficient consideration.

The defendant in signing this agreement and agreeing to pay the interest gave his interpretation of the will. In view of all the circumstances we are constrained to adopt this interpretation.

The findings and judgment of the trial court were supported by sufficient and competent evidence. Substantial justice has been done between the parties and the intention of the testator carried out. The judgment is

AFFIRMED.